# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| MICHAEL HENDRIX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV622-001 |
| GATES PEED, BARCLAY BLACK, RENATA NEWBILL JALLOW | ) ) ) ) ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Sumter County Correctional Institute in Americus, Georgia, doc. 12, filed a 42 U.S.C. § 1983 action in which he alleges misconduct by the prosecutor, judge, and his public defender during his state criminal proceedings in Bulloch County, Georgia. *See generally* doc. 1.

## BACKGROUND[1]

In his Complaint, Hendrix outlines various allegations arising from his August 16, 2021 sentencing on drug-related charges. Doc. 1, 6-10. He

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir.

1

alleges that Bulloch County, Georgia Superior Court Judge Gates Peed sentenced him for a term he had already served in a case which was prosecuted in the federal court system in December 2020. He argues the unconstitutional sentencing has resulted in "double jeopardy" without due process. As to District Attorney Barclay Black, Hendrix alleges violations of state law such as perjury, false swearing, and false imprisonment related to Black's manipulation of the indictment to reflect a methamphetamine charge instead of a cocaine charge. Doc. 1 at 7.[2] Allegedly, being charged with a different drug offense caused the court proceedings to be full of false statements which subjected Hendrix to duplicative sentencing and the resulting false imprisonment without due process. *Id*. To that end, Hendrix alleges Renata Newbill Jallow aided and abetted Black in the conviction by virtue of her role as a public defender, violating the Georgia Constitution as well as other more general ethical rules and state law. *Id*. at 8.

---

2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[2] According to Hendrix, the "true bill" Indictment in his case shows he was "charged for 'cocain[e],' not 'meth.'" Doc. 1 at 7.

2

## ANALYSIS

The Court must first address several matters, including Hendrix's noncompliance with procedural rules and Court orders, as well as his Motion to Appoint Counsel. Ultimately, though, Hendrix's Complaint should be **DISMISSED** for the reasons outlined below.

1.  **Hendrix's Noncompliance**

The Court granted Hendrix's Motion for Leave to Proceed *in forma pauperis* (IFP), doc 3, and ordered him to file his corresponding PLRA documents by January 20, 2022. Doc. 5. However, the Court's Order and other correspondence, including a Clerk's deficiency notice, doc. 6, were thereafter returned as undeliverable, which the Clerk noted on the docket. *See* docs. 7 & 8. On February 8, 2022, Hendrix wrote to the Court concerning his case. Doc. 9. In his letter, he noted that he was in transit and expressed concern that his Complaint had been intercepted. *Id.* Thereafter, mail from the Court was again returned as undeliverable. Doc. 11. On April 6, 2022, Hendrix filed a Motion to Appoint Counsel, which reflected a new return address. Doc. 13 at 3. His Motion was construed by the Clerk's office both as a Notice of Change of Address,

doc., 12, and a substantive motion, doc. 13, even though Hendrix never affirmatively updated the Court of his change of address.

The Court's Local Rules require that *pro se* plaintiffs advise the Court of the address at which they wish to be served with documents. *See* S.D. Ga. L. Civ. R. 11.1. Hendrix's repeated failure to provide the Court with his address is a sufficient reason to dismiss his Complaint. *See, e.g.,* Fed. R. Civ. P. 41(b). Relatedly, the PLRA sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. Compliance with the PLRA ensures the filing fees are paid pursuant to federal law. 28 U.S.C. § 1914 ("[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee . . ."). Payment of such fees is mandatory, *see Brooks v. Special School Dist. of St. Louis Cnty.*, 129 F.3d 121 (8th Cir. 1997), subject to the procedures for proceeding *in forma pauperis*, *see* 28 U.S.C. §§ 1915, 1915A. At odds in this case is the fact that — on the one hand, Hendrix's claims are frivolous and asserted against immune Defendants and therefore should be summarily dismissed on the merits

4

— and on the other hand, Hendrix failed to update the Court with his address, resulting in his not paying mandatory fees.

Although payment or a request to proceed *in forma pauperis* is mandatory, a party's failure to comply does not deprive the Court of jurisdiction. *See White v. Lemma*, 947 F.3d 1373, 1378 (11th Cir. 2020) ("[A]lthough a non-IFP prisoner must pay the filing fee or face dismissal, [cit.], our precedent also holds that the timely payment of a filing fee is not a jurisdictional requisite." (internal quotation marks and citations omitted)). Thus, as the Court is not deprived of jurisdiction on account of Hendrix's disregard of the PLRA-related filing fee requirement or the Clerk's deficiency notice, it will proceed to address Hendrix's motion and Complaint below. Hendrix's procedural failures are not excused, though.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Plaintiff's case is therefore subject

to dismissal without prejudice for failing to comply with the Court's Orders. However, there are other substantive defects, discussed below, that warrant a dismissal on the merits.

### 2. Motion to Appoint Counsel

Hendrix filed a motion seeking court-appointed counsel because he has been unable to retain counsel, his ability to litigate while incarcerated is limited, and "trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross examine witnesses."[3] Doc. 13 at 2. Hendrix therefore moves the Court to appoint an attorney of Hendrix's own choosing, or alternatively, a "litigation attorney that the honorable court renders the service of." Doc. 13 at 2.

Hendrix has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should

---

[3] Hendrix's Motion to Appoint Counsel contained a never-before-seen address; thus, as discussed above, his Motion was additionally construed by the Clerk as a Notice of Change of Address. *See* doc. 12.

appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).

A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel. This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. Moreover, "prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigating a case while

7

incarcerated." *Hampton v. Peeples*, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015) (collecting cases). Plaintiff's Motion to Appoint Counsel, doc. 13, is **DENIED**.

### 3. Claims Against Judge Peed and Chief A.D.A. Barclay Black

Even though Hendrix's claims may be dismissed on his failure to apprise the Court of his address, and his resulting failure to comply with the Court's Orders, the Court will also examine the merits of his claims in accordance with the PLRA's mandate to dismiss frivolous claims "as soon as practicable," especially considering Hendrix's allegations against immune defendants. 28 U.S.C. § 1915A(b)(2).

Plaintiff's claims against Defendants Judge Peed and Chief A.D.A. Black cannot survive screening, as they both have immunity. "Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). Of note, "[a] judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.* (citation omitted). "[J]udicial

8

immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Here, there is no allegation that Judge Peed was acting outside of his judicial capacity or without jurisdiction when he sentenced plaintiff. As a result, he is entitled to judicial immunity in this action, and plaintiff's claims against Judge Peed should be **DISMISSED**.

Similarly, plaintiff's claims against District Attorney Black should be dismissed. Hendrix accuses Black of making false statements to the Grand Jury to "re-indict" him. Doc. 1 at 7. Prosecutors too are immune from Section 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution." *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from

§ 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

This immunity extends to a prosecutor's "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley v Fitzsimmons*, 509 U.S. 259, 273 (1993). In fact,

> [p]rosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. [Cit.] A prosecutor is immune for malicious prosecution. [Cit.] Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted).

Here, the doctrine of prosecutorial immunity bars plaintiff's claims against defendant Black even when taking into consideration plaintiff's allegations of alleged perjury, "embracery" or false imprisonment. For these reasons, plaintiff's claims against defendant Black should be **DISMISSED**.

4. **Claims Against Renata Newbill Jallow**

Hendrix alleges Newbill Jallow, the "Chief Public Defender," knowingly and willingly concealed the fact that the District Attorney had

falsified the indictment, and "coerce[d] or induced" Hendrix to sign a "frivolous plea bargain." Doc. 1 at 8. Furthermore, he argues that Newbill Jallow was a "party to a crime" because she "aided and abetted the District Attorney" in securing his conviction, and that she violated the Georgia Constitution.

Section 1983 only bars civil rights abuses committed by those acting under color of state law. 42 U.S.C. § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (finding public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer"). As Defendant Newbill Jallow is not a state actor, she cannot be sued under Section 1983 and plaintiff's claims against her should be **DISMISSED**.

### 5. Miscellaneous Injunctive Relief

The Court also addresses Hendrix's various requests for injunctive relief. Plaintiff asks the Court to "overturn and or reverse this illegal conviction." Doc. 1 at 14. However, "a prisoner in state custody cannot

use a § 1983 action to challenge the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citation and quotation marks omitted). Hendrix's requests for a reversal of his conviction contests the very fact of his confinement, and "cannot be granted in the § 1983 context." *Wright v. Dodd*, 438 F. App'x 805, 807 (11th Cir. 2011) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Such challenges would need to be pursued through a habeas petition and not a civil rights action. *Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").[4]

### 6. State Law Claims

As a final matter, Hendrix asserted general state law claims such as false imprisonment, malicious prosecution, perjury, aiding and abetting crime, "embracery," and certain ethical violations, some of which are recognized as torts under Georgia law, but others not actionable by an individual. *See* O.C.G.A. § 51-7-20 (false imprisonment); O.C.G.A. § 51-7-40 (malicious prosecution); *but see* O.C.G.A. §§ 16-10-7016-2-20

---

[4] *See* U.S.C. 2254(b)(1)(A) (providing writ of habeas corpus may not be granted unless petitioner has exhausted the remedies available in the state courts).

(criminal code).⁵  As stated, judicial and prosecutorial immunity bars Hendrix's claims against Judge Peed and Defendant Black.  To the extent any of these claims are actionable against Newbill Jallow, they should be dismissed as well.

Plaintiffs who wish to proceed in the Federal District Court under Georgia's tort laws must connect these state law claims to at least one viable constitutional claim or otherwise state a separate basis for this Court's jurisdiction over such claims.  *See Williams v. Morales*, 2018 WL 2087247, at \*3 (S.D. Ga. May 4, 2018) (*citing inter alia, Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). ⁶  Here, the Court has recommended dismissal of all of plaintiff's Section 1983 claims. As plaintiff fails to assert an independent jurisdictional basis for any state law claims, his state tort claims should be dismissed for lack of jurisdiction.⁷  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to

---

⁵ Hendrix waves at a malicious prosecution claim but does not mention it by name. In any event, such claims are barred under prosecutorial immunity.

⁶ Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and shall have supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

⁷ Rule 8 of the Federal Rules of Civil Procedure requires that a pleading state "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P.

13

exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires dismissal of state claims." (internal quotation marks and citations omitted)). Accordingly, the undersigned recommends the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims and that they be **DISMISSED**.

## CONCLUSION

Given that Hendrix's complaint fails to state a claim upon which relief may be granted, it should be **DISMISSED**, 28 U.S.C. § 1915A(b). Because any amendment would be futile, a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying [plaintiff's] request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons*

---

8(a)(1). The only basis for jurisdiction asserted in plaintiff's Complaint is § 1983. Doc. 1.

*v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). For all the foregoing reasons, it is **RECOMMENDED** that plaintiff's action be **DISMISSED** in its entirety.

Meanwhile, it is time for plaintiff to pay his filing fees. As discussed, Plaintiff never filed his prisoner trust fund account statement. That failure prevents the Court from determining his initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). However, the custodian of his prisoner trust account shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.[8]

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §

---

[8] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 2nd day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA