UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MICHAEL HENDRIX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV622-001 |
| GATES PEED, BARCLAY BLACK, and RENATA NEWBILL JALLOW, | ) ) ) ) |
| Defendants. | ) |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R) of May 2, 2022, (doc. no. 14), to which objections have been filed, (doc. no. 15). Plaintiff's Objection does not identify any defect in the Magistrate Judge's analysis. (See generally doc. no 15.) Accordingly, the R&R is **ADOPTED** and the objections are **OVERRULED**. To the extent Plaintiff's objection renews his request for court-appointed counsel, his request is **DENIED**. (Doc. no. 15 at 2.)

To the extent that Plaintiff's Objection seeks "an extension of time and the option to [a]mend the Complaint," (doc. no. 15 at 2), his request is futile. Under the Federal Rules of Civil Procedure's liberal amendment provisions, courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir 2014) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2). However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th

Cir. 2012) (internal quotation marks and citation omitted). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010). Further, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999).

Any attempt by Hendrix to amend his claims against Judge Peed and Chief A.D.A. Black would be futile because, as the Magistrate Judge explained, they are immune from suit for claims arising out of their respective judicial and prosecutorial acts. (See doc. no. 14 at 8-10.) Amending Plaintiff's claims against Defendant Jallow would be futile because, as the Magistrate Judge also explained, in her capacity as a public defender, she is not a state actor and cannot be sued under Section 1983. (See id. at 10-11.) Amending Plaintiff's Section 1983 claims for injunctive relief "overturn[ing] or revers[ing] this illegal conviction," (doc. no. 1 at 14), would be futile because such claims must be pursued through a habeas petition. (See doc. no. 14 at 11-12.) Any attempt to amend Plaintiff's state-law tort claims would be futile because, in the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c)(3). Therefore, the Court **DENIES** Plaintiff's request for "an [e]xtension of time and the option to [a]mend the Complaint." (Doc. no. 15 at 2.)

Accordingly, Plaintiff's Complaint is **DISMISSED**, and the Clerk of Court is **DIRECTED** to close this case.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of May, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA